MORRIS FRIEDMAN, Appellant, *v.* THE CITY OF NEW YORK, and CHARLES BLOOM, MEYER BLOOM and JACOB SHAPIRO, Doing Business under the Firm Name of BLOOM & SHAPIRO, Respondents.

(Supreme Court, Appellate Term, May, 1909.)

Abutting owners — Rights and liabilities in general — Liability for injuries to passers-by.
Independent contractors — Who are independent contractors: Control and supervision by employer; Questions for jury.
Negligence — Actions — Evidence — Admissibility — Similar accidents.

Where, under a license from the city, the owners of a building, during alterations thereon, were permitted temporarily to obstruct the sidewalk by placing boards thereon, and a pedestrian struck his foot against one of them that projected, fell and was injured, an action by him against the city and the owners of the building to recover damages is governed by the law of negligence and not by the law of nuisance.

The defendant city, being in no way responsible for placing the boards upon the sidewalk and no notice to it of the defective condition of the street where the boards were being shown, was not,

Misc.]    Supreme Court, Appellate Term, May, 1909.

under the circumstances, liable to plaintiff; and his complaint as to the city was, therefore, properly dismissed.

The defendant owners could not free themselves from the duty of keeping the street reasonably free from obstructions by showing that the work was being carried on by an independent contractor who was more or less under their supervision; and, as the evidence was sufficient to go to the jury on the question of their negligence and plaintiff's freedom from contributory negligence, it was error to dismiss the complaint as to the owners.

Evidence that other people had fallen at the same place at about the same time was material both on the negligence of the owners and plaintiff's contributory negligence, and the exclusion of such evidence was error.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, eighth district, borough of Manhattan, rendered in favor of the defendants.

Jerome H. Buck, for appellant.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for respondent the city of New York.

Hillquit & Hillquit (Bertram L. Marks, of counsel), for respondents Bloom & Shapiro.

*Per Curiam.* The plaintiff appeals from a judgment dismissing the complaint on the merits at the close of the whole case. The city of New York issued a permit to the defendants Bloom & Shapiro to place building materials in front of No. 109 Lewis street. Bloom & Shapiro placed certain boards on the sidewalk in front of No. 109 Lewis street. The plaintiff struck his foot against one of the projecting boards and fell and sustained injury.

The theory of the plaintiff's case is that the boards constituted a nuisance. The boards were merely a temporary obstruction of the sidewalk, and the city had power to authorize its existence during the alteration of the building of Bloom & Shapiro. This obstruction, having been erected with the consent of the city and under its license, must be regarded as being governed by the principles of the law of negligence and not the law of nuisance. Babbage v. Powers,

Supreme Court, Appellate Term, May, 1909.    [Vol. 63.

130 N. Y. 281. The city was not liable, under any circumstances, as no evidence was given to show notice to it of the defective condition of the street where the boards were, and because it was not in any way responsible for placing these boards upon the street. The complaint was, therefore, properly dismissed as to the city.

The trial justice, however, should not have dismissed the complaint as against the other defendants. There was evidence sufficient to go to the jury on the question of the plaintiff's freedom from contributory negligence, especially in view of the fact that he is eighty-seven years of age. There was also sufficient evidence to go to the jury upon the question of the negligence of the defendants Bloom & Shapiro in failing to keep the street reasonably free from obstructions; nor could these defendants free themselves from such a duty by showing that the work was being carried on by an independent contractor, who appears to have been more or less under their supervision.

The court also erred in its exclusion of evidence as to other people having fallen at the same place at about the same time, because this was material upon both the negligence of these defendants and plaintiff's contributory negligence.

The judgment should be affirmed, in so far as it provides for the dismissal of the complaint as against the city of New York, with costs to the city, but reversed in so far as it provides for the dismissal of the complaint as against the defendants constituting the firm of Bloom & Shapiro, and a new trial ordered, with costs to appellant to abide the event.

Present: GILDERSLEEVE, SEABURY and LEHMAN, JJ.

Judgment affirmed, in so far as it provides for dismissal of complaint as against city of New York, but reversed, in so far as it provides for dismissal of complaint as against defendants constituting the firm of Bloom & Shapiro, and new trial ordered, with costs to appellant to abide event.